**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| **Appeal of Trickett** | } | **Docket No. 85-5-04 Vtec** |
| | } | |
| | } | |

## Decision and Order on Town's Motion for an Order of Summary Judgment or, in the Alternative, Motion to Limit the Scope of Review

Appellants George and Carole Trickett appeal from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Orwell (Town) denying Appellants' request for zoning enforcement at Peter and Carla Ochses' orchard on Sanford Road. Appellants are represented by Paul S. Gillies, Esq.; the Town is represented by Mark Werle, Esq.; Appellees Peter and Carla Ochs are represented by Peter F. Langrock, Esq. This matter is before the Court on the Town's Motion for Summary Judgment or, alternatively, to limit the scope of review to the issue of whether the Ochses' use of their property has changed so as to require a zoning permit for the new use.

## Factual Background

The material facts relevant here are also summarized by the Vermont Supreme Court in Trickett v. Ochs, 2003 VT 91, and in the decision of the Addison Superior Court after remand, Trickett v. Ochs, Docket No. 267-11-00 Ancv (Addison Sup. Ct., Sept. 2, 2005), both of which dealt with different legal issues but essentially the same facts as here. The Vermont Supreme Court decision addresses the nuisance and trespass claims that the Tricketts brought against the Ochses, alleging that the Ochses' orchard operation ("Orchard operation") substantially interfered with the Tricketts' use and enjoyment of their property. The Supreme Court remanded the case to the Superior Court, where a jury found that a nuisance existed. The Addison Superior Court subsequently enjoined the Ochses and their Orchard operations in several ways relevant to this appeal.

The following facts are undisputed unless otherwise noted.

1. Since 1965, Appellees have owned and operated the 600-acre Crescent Orchard, now including a barn, outbuildings, and a residence, on Sanford Road in Orwell.

2. The Orchard operation on Sanford Road now includes 10,000 trees and was first planted in 1918.

3. Activities related to the packing, storing, and shipping of apples occur at the Ochses' barn on Sanford Road.

4. Appellees lease and operate other orchards on property owned by others. These additional orchards do not adjoin the Ochses' original orchard on Sanford Road.

5. Apples from the leased orchards are collected, waxed, packed, stored at and shipped from the barn on Sanford Road.

6. Appellants reside in a historically significant farmhouse which they purchased in 1992 from the Ochses' successors in title. The farmhouse is a ten bedroom brick residence built in 1835 by the Sanford family, one of the first settlers of Orwell.

7. Appellants' farmhouse is located directly across Sanford Road, a dirt road, from the Appellees' barn.

8. Both the farmhouse and the Sanford Road orchard are in the Town's Rural Residential and Agricultural zoning district.

9. At the time of the sale of the farmhouse, apples were collected from the orchard and brought to the barn, where they were immediately transported to the Shoreham Co-op and stored for sale.

10. In approximately 1996, the Shoreham Co-op ceased many of its operations and Appellees began conducting more activities on-site, including waxing and storing the apples in refrigerated tractor-trailer trucks ("reefers"), building and repairing shipping pallets, and loading the reefers with apples.

11. Appellees' activities are constrained by a permanent injunction issued by the Addison Superior Court in Trickett v. Ochs, Docket No. 267-11-00 Ancv (Addison Sup. Ct., Sept. 2, 2005). The injunction required the Ochses to limit their hours of operation, relocate some noise producing activities, and take various other steps to reduce the interference with Appellants' use and enjoyment of their residential property.

## Discussion

Appellants are appealing the Town's failure to require a zoning permit for Appellees' apple processing, packing, storage, and shipping activities at the barn on Sanford Road. The central issue in this appeal is whether the Ochses' operation falls within the agricultural

exception of the former 24 V.S.A. § 4495(b) (now amended and codified at 24 V.S.A. § 4413(d) (2004)). The old section 4495(b) states:

> [n]o plan or bylaw adopted under this chapter shall restrict accepted agricultural or farming practices, or accepted silvicultural practices, including the construction of farm structures, as such practices are defined by the secretary of agricultur[e], food and markets or the commissioner of forests, parks, and recreation, respectively, under sections 1021(f) and 1259(f) of Title 10, and section 4810 of Title 6."

24 V.S.A. § 4495(b).[1][1]

The Secretary has defined "farming" to mean "(a) the cultivation or other use of land for growing . . . orchard crops; or . . . (e) the on-site storage, preparation and sale of agricultural products principally produced on the farm." Accepted Agricultural Practice Rules, Vt. Code R. § 2.06(a), (e) at 20 010 008 (2005). The Secretary has defined "accepted agricultural practices" to include the "(d) . . . harvesting of crops" and "(i) [t]he on-site storage, preparation and sale of agricultural products *principally produced on the farm."* Accepted Agricultural Practice Rules, Vt. Code R. § 3.2(d), (i) at 20 010 008 (2005) (emphasis added).

The Ochses collect, wax, pack, store, and ship apples at their orchard on Sanford Road. Some of the apples come from orchards leased, but not owned, by the Ochses. The specific issue to resolve in this appeal is whether the apples are "principally produced on the farm." If they are, then § 4495(b) applies and Orwell's zoning ordinance cannot restrict this activity, so no permit would be needed. If the apples are not principally produced on the farm, then § 4495 does not apply, and the Ochses' apple-related activities may require a zoning permit for a regional apple packing center. This factual issue is disputed.[2][2] Summary judgment is not appropriate at this time. The Town's Motion for Summary Judgment is therefore denied.

---

[1][1] This statutory provision has similar purposes to, but is separate from, the "Vermont Right-to-Farm Law," 12 V.S.A. §§ 5751—53. The Right-to-Farm Law is extensively addressed in both the Supreme Court and Superior Court decisions cited above. The parties here do not suggest that the Right-to-Farm Law is dispositive of the issues raised by the Town's pending motion.

[2][2] Subsequent to the filing of the Town's pending motion and the Appellants' filings in opposition thereto, the Addison Superior Court completed its jury trial on Appellants' nuisance suit. After the jury rendered its verdict in Plaintiffs' (Appellants here) favor, the Superior Court rendered its own decision on Plaintiffs' request for a permanent injunction. See Trickett v. Ochs, Docket No. 267-11-00 Ancv (Addison Sup. Ct., Sept. 2, 2005). In the course of its decision, the Addison Superior Court ruled that the evidence supported a conclusion that the Ochses

The Town moves alternatively for an order limiting the scope of review to the question most recently pleaded and argued before the zoning administrator and zoning board: whether the Ochses are using their land to operate a "regional apple packing center" and, if so, whether they must obtain a permit for that use under the zoning bylaw. The Tricketts responded by stating that they "agree that this is the question [we] presented to the Zoning Administrator, to the ZBA, and now to the Court. That is all that [we] seek." Appellants' Reply Mem. at 4. The Statement of Questions appears worded in such a way that it could be read both as narrowly as the Town requests and as broadly as the Town fears. Given that Appellants have confirmed that they consent to the more narrow reading of their Questions, the Town's alternative motion appears appropriate and is therefore granted.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is DENIED. The Town's alternative Motion to Limit the Scope of Review is GRANTED. The issues to be addressed at merits hearing shall be limited to whether the Ochses are operating a regional apple packing center, whether such constitutes a change in use of their Sanford Road property and, if so, does such a change in use require a zoning permit.

The parties should consult with each other and their counsel on possible trial dates in December, 2005, or January, 2006. The Court will conduct a pre-trial conference (scheduled by separate Notice to be issued by the Court Manager) to set the trial date.

Done at Berlin, Vermont, this 7th day of October, 2005.

_____
Thomas S. Durkin, Environmental Judge

_____

(Appellees here) process apples at their "packing house," id. at ¶ 5, and that they grow the apples on the original "home farm," id. at ¶ 2, as well as on other lands they lease from others known as "the Small's orchard, the Clark Block, and the Larabee Farm orchard." Id. The Superior Court went on to refer to all these activities (i.e.: including the leased orchards) as the "Orchard's operations." Id.

The parties here have not yet advised this Court of whether the Superior Court's findings or conclusions of law, particularly as to the implications to our analysis under 24 V.S.A. § 4495, have some import here, and we therefore decline to assume that they have some implication, since the appeal period on the Superior Court Decision has just recently passed. We invite the parties here to file supplemental memoranda, if they believe the Superior Court decision is of import to this appeal.